FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STANLEY ARISTILDE EL-BEY,
in Propia Persona, Ex. Rel. Stanley
Aristilde,

                Plaintiff,

- against -

STATE OF NEW YORK, including but not
limited to all their agencies and agents listed as
debtors on Bill of Particulars including Docket
numbers 107234-2011 (030343); SUPREME
COURT OF THE STATE OF NEW YORK;
STACY L. COHEN, Corporation Counsel
(NYC); KENNETH D. LITWACK;
MAGISTRATE BARBARA JAFFE,

                Defendants.
------------------------------------------------------------X

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM
AND ORDER
12-CV-02385 (ARR)(MDG)

ROSS, United States District Judge:

*Pro se* plaintiff Stanley Aristilde El-Bey brings this civil action against the State of New York and its Supreme Court, two attorneys and a New York State Judge. Plaintiff's request to proceed *in forma pauperis* ("IFP") is denied, and the Court directs that he file an amended IFP application or remit the filing fee in order to proceed with this civil action.

I. **Filing Fee**

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. In his request to proceed *in forma pauperis*, plaintiff states that his "employment information is private. If necessary please contact the plaintiff with a lawful reason." He also states that he has funds but does not provide the amount, stating again that this information is "private."

1

The Court finds that Plaintiff's financial declaration does not support a showing of indigency. Thus, the Court declines to grant *in forma pauperis* status.

The Court directs plaintiff to either file an amended IFP application or pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Order. If plaintiff fails to comply with this order within the time allowed, the action shall be dismissed.

## II. Deficiencies of the Complaint

Plaintiff is advised that even if he complies with the above directive, the action, as currently stated, shall be dismissed for the reasons set forth below.

### A. Background

The nature of plaintiff's claim is virtually impossible to discern. It appears, as best the Court can tell, that plaintiff was part of some type of state adjudicatory proceeding at which he requested the recusal of the judge assigned to his case. In this action, he alleges that the judge, to whom he refers as "Magistrate" Barbara Jaffe, was biased against him, and he demands that a long list of New York state agencies account for their involvement with what plaintiff characterizes as "unlawful property seiz[ure]." Complaint at V. Plaintiff's statement of claim, Complaint at III, does not provide any more insight as to the legal grounds for this federal law suit or factual basis for his claims.

### B. Deficiencies

Plaintiff is advised that, as currently stated, the complaint is barred by the doctrines of judicial, prosecutorial and sovereign immunity and fails to state a claim on which relief may be granted.

### 1. Absolute Immunity

Plaintiff's claims against defendant Jaffe, a judge of the Supreme Court of the State of New York, Civil Term, would be barred by the doctrine of absolute judicial immunity. Judges are immune from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (describing the scope of judicial immunity). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12.

Moreover, the Corporation Counsel named by plaintiff, Stacy L. Cohen, an attorney who is defending a governmental entity in ongoing litigation or pursing an action on behalf of the government, is entitled to immunity similar to that of a prosecutor. *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("We have expanded [absolute immunity] to apply to the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation" in civil suit– including the defense of such actions.") (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)). *See also Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992) ("government attorneys who initiate civil suits" are entitled to absolute immunity). Finally, the State of New York and its agencies are entitled to Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-5 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440

3

U.S. 332 (1979); *Lipofsky v. Steingut*, 86 F.3d 15, 16 (2d Cir. 1996).

Finally, plaintiff's claim against Kenneth D. Litwick fails to state a claim on which relief may be granted. Not only has plaintiff failed to allege any facts against Litwick; he appears to be a private party against whom a claim under 42 U.S.C. § 1983 may not be brought. 28 U.S.C. § 1915(e)(2)(B)(ii); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).

Because plaintiff has, or cannot state a claim for relief against any defendant, the court would dismiss the complaint against them as currently stated. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Rule 8

Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure provides an additional basis for dismissing his complaint. Rule 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Plaintiff's complaint is incomprehensible and contains no facts to show that any defendants took any actions to infringe any of his rights.

### Conclusion

The Court directs plaintiff to either file an amended IFP application or pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from

the date of this Order in order to proceed with this action. As set forth above, even if plaintiff pays the filing fee or obtains IFP status, the action will be dismissed pursuant to the immunity doctrines and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/S/

Allyne Ross
United States District Judge

Dated: May __, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Stanley Aristilde El-Bey
1653 Brooklyn Avenue
Brooklyn, NY 11210